**Entered on Docket
September 04, 2009**
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



**Signed and Filed: September 03, 2009**

_____
**THOMAS E. CARLSON
U.S. Bankruptcy Judge**
_____

# UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>RICHARD L. HATFIELD,<br><br><br>             Debtor.<br>_____<br>JANINA M. ELDER, Trustee in Bankruptcy of the Estate of RICHARD L. HATFIELD,<br><br>             Plaintiff,<br><br>    vs.<br><br>SAND HILL ROAD VENTURE GROUP, et al.,<br><br>             Defendants.<br>_____ | Case No. 08-30154 TEC<br><br>Chapter 7<br><br><br><br><br><br>Adv. Proc. No. 08-3072 TC |

### MEMORANDUM DECISION RE DEFENDANT JENNIFER MOORE'S MOTION FOR SUMMARY JUDGMENT

On May 1, 2009, the court held a hearing on Defendant Jennifer Moore's motion for summary judgment. The court took the matter under submission and now determines that Moore's motion should be granted with respect to the effect of the *lis pendens* recorded on June 2, 2002 in connection with <u>In re the Marriage of Moore and Hatfield</u>, San Mateo Superior Court No. F068286.

MEMORANDUM DECISION RE MOORE'S
MOTION FOR SUMMARY JUDGMENT        -1-

**FACTS**

On July 4, 1990, Richard Hatfield and Jennifer Moore held a ceremony in which they purported to be married, although they had neglected to obtain a marriage license. In June 1993, Hatfield purchased the real property known as 35 Echo Lane, Woodside, California (the Property). Hatfield took title to the Property in his name only, as an unmarried man.

On December 17, 2001, Moore filed in the San Mateo Superior Court a petition for dissolution of marriage (F068286) in which she asserted a community property interest in the Property. On June 2, 2003, Moore recorded a *lis pendens* identifying the dissolution action and the Property. On January 3, 2003, the San Mateo Superior Court filed a statement of decision in which it found that Hatfield and Moore had never legally married. On the same date, the court issued an order expunging the *lis pendens*. The expungement order was never recorded, and the dissolution-of-marriage petition was never dismissed.

On August 21, 2003, Moore filed in the San Mateo Superior Court a civil action (Civ 433625) in which she asserted a contractual Marvin claim to an interest in the Property. On February 26, 2004, Moore filed a motion to consolidate that civil action with the previously filed dissolution-of-marriage proceeding. The motion to consolidate was granted on April 20, 2004.

On February 27, 2004, two deeds of trust, executed by Hatfield only, were recorded against the Property (the Deeds of Trust). The first-filed was in favor of Preferred Financial Group to secure a loan in the approximate amount of $1.21 million. The second-filed

was in favor of Sand Hill Venture Group to secure a loan in the approximate amount of $1.51 million.

On January 22, 2007, the San Mateo Superior Court issued a statement of decision on Moore's Marvin claim, determining that Moore had a one-half interest in the Property. The decision was issued in the consolidated action. That is, both the written statement of decision and the docket upon which it was entered included the numbers of both the original dissolution-of-marriage action in which the *lis pendens* was recorded (F068286) and the later-filed Marvin action (Civ 433625).

Hatfield filed a chapter 7 petition on January 31, 2008.

The Chapter 7 trustee has listed the Property for sale. Trustee contends that the Deeds of Trust should be paid from the proceeds of both Moore's and Hatfield's interests in the Property, because those encumbrances were created before Moore was awarded an interest in the Property and because Moore's *lis pendens* was expunged. Moore contends that the Deeds of Trust attach only to Hatfield's one-half interest in the Property, because the award that Moore received in the consolidated action relates back to a date before the Deeds of Trust were recorded.

**DISCUSSION**

A party who files a lawsuit asserting a claim for ownership of real property can ensure that her claim enjoys priority over anyone who might receive a conveyance of the property from the opposing party before the lawsuit is concluded. The claimant does this by recording a notice of pendency of action, or *lis pendens*. Once the *lis pendens* is recorded, any party who might purchase or lend against the property has constructive notice of the adverse claim

**MEMORANDUM DECISION RE MOORE'S
MOTION FOR SUMMARY JUDGMENT**      -3-

and receives any conveyance subject to whatever interest is ultimately awarded to the claimant in the pending action. Cal. Code Civ. Proc. § 405.24. The *lis pendens* remains effective until the pending action is concluded by a final judgment not subject to appeal, until a withdrawal of the *lis pendens* is recorded, or until an order expunging the *lis pendens* is recorded. 5 Miller & Starr §§ 11:137 at 355; 11:142 at 372.

Had Moore been awarded an interest in the Property on her original claim for division of marital property, the application of the statutory rules noted above would be simple. Because her *lis pendens* was recorded before the Deeds of Trust were recorded, and because Moore prevailed in the pending action on her claim for ownership of a one-half interest in the Property, Moore's interest would have priority over the Deeds of Trust. The Deeds of Trust would attach only to Hatfield's one-half interest in the Property.

The effect of Moore's *lis pendens* is more difficult because the present case involves three variations from the normal fact pattern. Moore prevailed only on an amended complaint; that amended complaint was first filed in a lawsuit separate from the lawsuit of which the *lis pendens* provided constructive notice; and the Superior Court had entered an order expunging Moore's *lis pendens* before the Deeds of Trust were recorded.

For the reasons stated below, I determine that notwithstanding the somewhat unusual facts of this case, Moore's *lis pendens* was effective to give her one-half interest in the Property priority over the Deeds of Trust.

That Moore did not prevail upon her original complaint does not render her *lis pendens* ineffective. As noted above, a *lis*

*pendens* does not become ineffective through the failure of the lawsuit until the lawsuit has been resolved by a final judgment that is no longer subject to appeal. If relief is denied upon the original complaint, relief that is granted on an amended complaint will have priority over any conveyance that is recorded after the date the amended complaint is filed, or that is recorded after the date to which the amended complaint relates back. <u>Gen. Petroleum Corp. of Calif. v. Dougherty</u>, 117 F.2d 529, 538-39 (9th Cir. 1941); <u>Dobbins v. Economic Gas Co.</u>, 182 Cal. 616, 626-28 (1920); accord <u>Fox v. Clarys</u>, 227 Mont. 194, 196-97 (1987). Moore's amended complaint predates the Deeds of Trust under either approach.

I determine that Moore's amended complaint was made part of the pending action before the Deeds of Trust were recorded. The <u>Marvin</u> claim was filed in June 2003, more than six months before the Deeds of Trust were recorded. Although the <u>Marvin</u> claim was originally filed as a new action separate from the pending action, Moore had filed a motion in the pending action to consolidate the two actions before the Deeds of Trust were recorded. The motion to consolidate was granted, and Moore was awarded a one-half interest in the Property in the consolidated action. Thus, before they recorded the Deeds of Trust, the holders of the Deeds of Trust had notice that Moore was seeking to assert the <u>Marvin</u> claim in the pending action.

Even if the <u>Marvin</u> claim is not considered to have been filed in the pending action until the motion to consolidate was granted, the amended complaint relates back to the date the *lis pendens* was recorded, because the <u>Marvin</u> claim did not assert a new cause of action.

Under California law, an amended complaint relates back to the date of the recording of the *lis pendens* unless it raises a new cause of action. Gen. Petroleum, 117 F.2d at 538; Dobbins, 182 Cal. at 627. The scope of a cause of action is a fact-based concept; whether an amended complaint creates a new cause of action depends upon whether it relies upon a different set of facts. Black's Law Dictionary defines "cause of action" and "new cause of action" in fact-related terms.

> **cause of action.** 1. A group of operative facts giving rise to one or more bases for suing; a factual situation that entitles one person to obtain a remedy in court from another person . . . .
>
> **new cause of action.** A claim not arising out of or relating to the conduct, occurrence, or transaction contained in the original pleading. • An amended pleading often relates back to the date the original pleading was filed. Thus, a plaintiff may add claims to a suit without facing a statute-of-limitations bar, as long as the original pleading was filed in time to satisfy the statute. But if the amended pleading adds a claim that arises out of a different transaction or occurrence, or out of different alleged conduct, the amendment does not relate back to the date the original pleading was filed.

Moore's original claim for division of marital property and the Marvin claim asserted in her second complaint are based upon the same core of operative facts: the couple's promise to treat each other as if they were married.

> [T]here are too many indices of a contractual understanding to ignore. Moore and Hatfield clearly held themselves out to the world as married; a co-worker testified that everyone at the company thought they were married. Moore's relatives (who were credible) testified they acted as a married couple. They conducted an apparently active social life as a married couple. They actively parented and interacted with other parents as a married couple. They signed important documents as husband and wife on numerous occasions.

January 22, 2007 Statement of Decision of the San Mateo Superior Court at 4:15-21.

That the Family Court entered an order expunging Moore's *lis pendens* also does not affect the constructive notice created by Moore's *lis pendens*, because that order was never recorded. Section 405.24 of the California Code of Civil Procedure provides that a *lis pendens* provides constructive notice of the claims in the pending action from the date of its **recording**.

> From the time of recording the notice of pendency of action, a purchaser, encumbrancer, or other transferee of the real property described in the notice shall be deemed to have constructive notice of the pendency of the noticed action as it relates to the real property and only of its pendency against parties not fictitiously named. The rights and interest of the claimant in the property, as ultimately determined in the pending noticed action, shall relate back to the date of the recording of the notice.

Similarly, section 405.60 provides that purchasers and encumbrancers are deemed not to have constructive notice of the pending action after the date of the **recording** of an order expunging a *lis pendens*.

> Upon the withdrawal of a notice of pendency of action pursuant to Section 405.50 or upon recordation of a certified copy of an order expunging a notice of pendency of action pursuant to this title, neither the notice nor any information derived from it, prior to the recording of a certified copy of the judgment or decree issued in the action, shall constitute actual or constructive notice of any of the matters contained, claimed, alleged, or contended therein, or of any of the matters related to the action, or create a duty of inquiry in any person thereafter dealing with the affected property.

The constructive notice provided by the recording of Moore's *lis pendens* was never reversed by the recording of an order expunging that *lis pendens*. 5 Miller & Starr § 11:142 at 372-74; Formula Inc. v. Sup. Ct., 168 Cal. App. 4th 1455, 1465 (2008) (order of expungement of *lis pendens* is given effect by being recorded in chain of title to overcome effect of earlier *lis pendens*).

**MEMORANDUM DECISION RE MOORE'S MOTION FOR SUMMARY JUDGMENT** -7-

**CONCLUSION**

The Deeds of Trust attach only to the Hatfield bankruptcy estate's one-half interest in the Property.

**\*\*END OF MEMORANDUM\*\***

## Court Service List

John H. MacConaghy, Esq.
Jean Barnier, Esq.
MacConaghy and Barnier
645 First Street West #D
Sonoma, CA 95476

James H. Seymour, Esq.
Law Offices of James H. Seymour
706 Cowper Street
Palo Alto, CA 94301

Joel K. Belway, Esq.
Law Offices of Joel K. Belway
235 Montgomery Street, Suite 668
San Francisco, CA 94104

**MEMORANDUM DECISION RE MOORE'S
MOTION FOR SUMMARY JUDGMENT** -9-